**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROLDAN ARMANDO MEZA GONZALES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1901-KC** |
| | § | |
| **MARY DE ANDA-YBARRA, et al.** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Roldan Armando Meza Gonzales' Petition for a Writ of Habeas Corpus, ECF No. 1.

This Court granted in part Meza Gonzales' pervious petition for a writ of habeas corpus on procedural due process grounds on April 30, 2026. *See* Order, *Meza Gonzales v. Director, El Paso Service Processing Center*, 3:26-cv-1139-KC (W.D. Tex. Apr. 30, 2026), ECF No. 7. And ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. *Id.* at 3.

In compliance with the Court's April 30 Order, Meza Gonzales was provided with a bond hearing on May 5, at which the IJ determined that Meza Gonzales was a flight risk and denied him bond on this basis. Final J., *Meza Gonzales*, 3:26-cv-1139-KC (W.D. Tex. May 13, 2026), ECF No. 16. Finding no matters remained to be resolved, the Court closed the case. *Id.*

Meza Gonzales has now filed the instant Petition, challenging his detention as unlawful and seeking a bond hearing. Pet. 9–11.

But Meza Gonzales already received a bond hearing on May 5, 2026, at which he was denied bond due to flight risk. *See* Final J., *Meza Gonzales*, 3:26-cv-1139-KC. And Meza Gonzales' new Petition does not contain any allegations that would indicate that the IJ failed to make factual findings or conduct an individualized determination. *See generally* Pet. When a person has already received an individualized custody determination by an IJ, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that they are a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). To the extent Meza Gonzales disagrees with the IJ's determination, he could have filed an appeal with the Board of Immigration Appeals or requested a custody redetermination, and she still may request a custody redetermination. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction.

There is also no indication that Meza Gonzales is subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 16th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE